UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 25 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| United States of America, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Case No. 18-cv-02340 (RJL) |
| CVS Health Corporation, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## ASSET PRESERVATION STIPULATION AND ORDER

October **25**, 2018 [Dkt. # 2-1]

Upon consideration of the proposed Asset Preservation Stipulation and Order, and consistent with the Antitrust Procedures and Penalties Act ("Tunney Act"), 15 U.S.C. § 16, it is hereby **ORDERED** that the foregoing Asset Preservation Stipulation and Order is **APPROVED** and **ENTERED** on the docket in the above-captioned case. This Asset Preservation Stipulation and Order shall remain in effect during the pendency of the proceedings required by the Tunney Act. *See* 15 U.S.C. § 16(b)–(h).

**SO ORDERED.**

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA, *et al.*

                *Plaintiffs*,

v.

CVS HEALTH CORPORATION

and

AETNA INC.

                *Defendants.*

---

### ASSET PRESERVATION STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

### I. DEFINITIONS

As used in this Asset Preservation Stipulation and Order:

A.     "Acquirer" means WellCare or another entity approved by the United States in its sole discretion to whom Defendants divest the Divestiture Assets.

B.     "Aetna" means Defendant Aetna Inc., a Pennsylvania corporation with its headquarters in Hartford, Connecticut; its successors and assigns; and its subsidiaries, divisions, groups, affiliates (for purposes of this definition, CVS is not deemed an affiliate of Aetna), partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

C.     "Aetna's Individual PDP Business" means Aetna's ongoing business of offering PDP plans to individual Medicare beneficiaries under CMS contracts S-5768 and S-5810.

D. "CMS" means the Centers for Medicare and Medicaid Services, an agency within the U.S. Department of Health and Human Services.

E. "CVS" means Defendant CVS Health Corporation, a Delaware corporation with its headquarters in Woonsocket, Rhode Island; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

F. "Divestiture Assets" means Aetna's Individual PDP Business, including:

(1) all rights and obligations relating to Aetna's Individual PDP Business, including the right to offer individual PDPs to enrollees under CMS contracts S-5768 and S-5810 and the right to receive from CMS a per member per month payment in exchange for providing or arranging for the benefits offered under CMS contracts S-5768 and S-5810; and

(2) copies of all books, records, and data, both current and historical, relating to CMS contracts S-5768 and S-5810. Where books, records, or data relate to the CMS contracts S-5768 or S-5810, but not solely to these contracts, Defendants must provide all excerpts relating to the S-5768 and S-5810 contracts.

G. "PDP" means a standalone prescription drug plan option available to Medicare beneficiaries under Medicare Part D that subsidizes the costs of prescription drugs for enrollees.

H. "WellCare" means WellCare Health Plans, Inc., a Delaware corporation with its headquarters in Tampa, Florida; its successors and assigns; and its subsidiaries.

## II. OBJECTIVES

The Final Judgment filed in this case is meant to ensure Defendants' prompt divestiture of the Divestiture Assets for the purpose of maintaining competition in the sale of individual prescription drug plans and to remedy the effects that Plaintiffs allege would otherwise result

from CVS's acquisition of Aetna. This Asset Preservation Stipulation and Order ensures that, until the divestiture required by the proposed Final Judgment has been accomplished, the Divestiture Assets remain an ongoing business concern that will remain economically viable and uninfluenced by Defendants (except as permitted by this Order and the proposed Final Judgment, and in accordance with all laws and regulations), and that competition is maintained during the pendency of the ordered divestiture.

### III.  JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over each of the parties, and venue of this action is proper in the U.S. District Court for the District of Columbia.

### IV.  COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A. The parties stipulate that a Final Judgment in the form attached as Exhibit A may be filed with and entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice on Defendants and by filing that notice with the Court. Defendants agree to arrange, at their expense, publication as quickly as possible of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged no later than three business days after Defendants' receipt from the United States of the text of the notice and the identity of the newspaper within which the publication will be made. Defendants must promptly send to the United States (1) confirmation that publication of the newspaper notice has been arranged, and

(2) the certification of the publication prepared by the newspaper within which the notice was published.

  B. Defendants must abide by and comply with the provisions of the proposed Final Judgment, pending the Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and must, from the date of the signing of this Asset Preservation Stipulation and Order by the parties, comply with all the terms and provisions of the proposed Final Judgment. The United States has the full rights and enforcement powers in the proposed Final Judgment, including Section XI, as though the proposed Final Judgment were in full force and effect as the final order of the Court.

  C. Defendants may not consummate the transaction sought to be enjoined by the Complaint before the Court has signed this Asset Preservation Stipulation and Order.

  D. This Asset Preservation Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

  E. If (1) the United States has withdrawn its consent, as provided in Section IV(A) above, or (2) the proposed Final Judgment is not entered in accordance with this Asset Preservation Stipulation and Order, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Asset Preservation Stipulation and Order, and the making of this Stipulation is without prejudice to any party in this or any other proceeding.

F.    Defendants represent that the divestiture ordered in the proposed Final Judgment can and will be made, and that Defendants will later raise no claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained in the proposed Final Judgment.

## V. PRESERVATION OF THE DIVESTITURE ASSETS

Until the divestiture required by the Final Judgment has been accomplished:

A.    Defendants must take all steps necessary to ensure that (1) the Divestiture Assets will be maintained and operated as an ongoing, economically viable and active competitor for individual PDPs; (2) management of the Divestiture Assets will not be influenced by Defendants (except as permitted by this Order and the proposed Final Judgment, and in accordance with all laws and regulations), with limited exceptions for any actions taken in contemplation or in furtherance of the divestiture agreement and any actions taken with respect to CVS's transition of the Divestiture Assets to the platform and operations of CVS; and (3) the books, records, competitively sensitive sales, marketing and pricing information, and decision-making concerning sales of individual PDPs by or under any of the Divestiture Assets will be kept separate and apart from Defendants' other operations. Within 20 days after the entry of the Asset Preservation Stipulation and Order, Defendants will inform the United States of the steps they have taken to comply with this Asset Preservation Stipulation and Order.

B.    Defendants must use all reasonable efforts to maintain and increase the sales and revenues of the Divestiture Assets, and must maintain at 2018 or previously approved levels for 2019, whichever are higher, all promotional, advertising, sales, technical assistance, marketing, and merchandising support for the Divestiture Assets.

C. Defendants must provide sufficient working capital and lines and sources of credit to continue to maintain the Divestiture Assets as economically viable and competitive, ongoing businesses, consistent with the requirements of Paragraph V(A).

D. Defendants must take all steps necessary to ensure that the Divestiture Assets are fully maintained in operable condition at no less than their current capacity and sales.

E. Defendants may not, except as part of a divestiture approved by the United States in accordance with the terms of the proposed Final Judgment, remove, sell, lease, assign, transfer, pledge, or otherwise dispose of any of the Divestiture Assets.

F. Defendants must maintain, in accordance with sound accounting principles, separate, accurate, and complete financial ledgers, books, and records that report on a periodic basis, such as the last business day of every month, consistent with past practices, the assets, liabilities, expenses, revenues, and income of the Divestiture Assets.

G. Defendants may not take any action that would jeopardize, delay, or impede the sale of the Divestiture Assets.

H. Defendants' employees with primary responsibility for the development and sale of products relating to the Divestiture Assets may not be transferred or reassigned to other areas within the company except (1) for transfer bids initiated by employees in accordance with Defendants' regular, established job-posting policy or (2) with the United States' written consent. Defendants must provide the United States with ten calendar days' notice of such transfer.

I. Subject to the approval of the United States, Defendants must appoint a person or persons to oversee the Divestiture Assets, and who will be responsible for Defendants' compliance with this section. This person or persons will have complete managerial responsibility for the Divestiture Assets, subject to the provisions of the proposed Final

Judgment, and must make all business decisions relating to the operations of the Divestiture Assets, including all sales, pricing, and discounting decisions, independent of Defendants. If any such person is unable to perform his or her duties, Defendants must appoint, subject to the approval of the United States, a replacement within ten working days. If Defendants fail to appoint a replacement acceptable to the United States within this time period, the United States will appoint a replacement.

J. Defendants may not take any action that would interfere with the ability of any trustee appointed under the proposed Final Judgment to complete the divestiture to an Acquirer or Acquirers acceptable to the United States.

## VI. DURATION OF ASSET PRESERVATION OBLIGATIONS

Defendants' obligations under Section V of this Asset Preservation Stipulation and Order remain in effect until (1) consummation of the divestiture required by the proposed Final Judgment or (2) further order of the Court. If the United States voluntarily dismisses the Complaint in this matter, Defendants are released from all further obligations under this Asset Preservation Stipulation and Order.

Dated: October 10, 2018

FOR PLAINTIFF UNITED STATES OF AMERICA:

*Jay D. Owen*

Jay D. Owen
U.S. Department of Justice
Antitrust Division
450 5th Street, NW, Suite 4100
Washington, D.C. 20530
Tel.: (202) 598-2987
Fax: (202) 616-2441
E-mail: Jay.Owen@usdoj.gov

FOR DEFENDANT CVS HEALTH CORPORATION:

*Mike Cowie*

Mike Cowie
Dechert LLP
1900 K Street NW
Washington, D.C. 20006
Tel.: (202) 261-3339
Fax: (202) 261-3333
mike.cowie@dechert.com

FOR DEFENDANT AETNA INC.:

*Howard Shelanski*

Howard Shelanski
Davis Polk & Wardwell LLP
901 15th Street NW
Washington, D.C. 20005
Tel: (202) 962-7060
Fax: (202) 962-7197
howard.shelanski@davispolk.com

FOR PLAINTIFF STATE OF CALIFORNIA:

XAVIER BECERRA
Attorney General

_____
EMILIO VARANINI
Deputy Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Phone: (415) 510-3541
Fax: (415) 703-5480
E-mail: Emilio.Varanini@doj.ca.gov

**FOR PLAINTIFF STATE OF FLORIDA:**

PAMELA JO BONDI
Attorney General

_/s/ Patricia A. Conners_

PATRICIA A. CONNERS
Deputy Attorney General
LIZABETH A. BRADY
Chief, Multistate Enforcement
CHRISTOPHER R. HUNT
Assistant Attorney General
RACHEL MICHELLE STEINMAN
Assistant Attorney General
Office of the Attorney General of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
Phone: (850) 414-3851
Fax: (850) 488-9134
liz.brady@myfloridalegal.com

**FOR PLAINTIFF STATE OF HAWAII:**

RUSSELL A. SUZUKI
Attorney General

_____
RODNEY I. KIMURA
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax: (808) 586-1205
rodney.i.kimura@hawaii.gov

FOR PLAINTIFF STATE OF MISSISSIPPI:

JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI

*[signature]*

CRYSTAL UTLEY SECOY
Consumer Protection Division
Mississippi Attorney General's Office
P.O. Box 22947
Jackson, Mississippi 39225
Phone: (601) 359-4213
cutle@ago.state.ms.us

FOR PLAINTIFF STATE OF WASHINGTON:

ROBERT W. FERGUSON
ATTORNEY GENERAL

*/s/ Luminita Nodit*
LUMINITA NODIT
Assistant Attorney General
Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 254-0568
Fax: (206) 464-6338
Email: luminitan@atg.wa.gov