## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA *et al.*,

*Plaintiffs*,

v.

CVS HEALTH CORPORATION

and

AETNA INC.,

*Defendants*.

Case No. 1:18-cv-02340-RJL

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF UNITED STATES' UNOPPOSED MOTION TO APPOINT A MONITORING TRUSTEE

The United States hereby files this Memorandum in support of its unopposed motion to appoint Julie Myers Wood as monitoring trustee in this case.

The Asset Preservation Stipulation and Order entered in this case on October 25, 2018 (ECF No. 15) allows CVS Health Corporation ("CVS") and Aetna Inc. ("Aetna") to close their proposed transaction under certain conditions, including the prompt divestiture of Aetna's individual prescription drug plan ("PDP") business to WellCare Health Plans, Inc. ("WellCare"). Because CVS and Aetna plan to exercise the option to close in the coming weeks, it is necessary for a monitoring trustee to be appointed at this time to oversee the divestiture to WellCare. The United States, after consultation with the States of California, Florida, Hawaii, Mississippi, and Washington (collectively, "Plaintiff States"), recommends that Julie Myers Wood, the chief executive officer of the monitoring firm Guidepost Solutions, be

appointed as trustee.  For the reasons explained below, she is well-qualified to oversee this divestiture and to monitor Defendants' compliance with the proposed Final Judgment (ECF No. 2-2).

## I.     Background

Plaintiffs filed a civil antitrust complaint on October 10, 2018 (ECF No. 1), seeking to enjoin Defendant CVS's proposed acquisition of Aetna. The Complaint alleges that the proposed acquisition would have substantially lessened competition in individual PDPs in several regions of the United States in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. This loss of competition would likely have resulted in higher prices and less innovation.

On October 10, 2018, Plaintiffs also filed a Stipulation and Order (ECF No. 2-1) and a proposed Final Judgment (ECF No. 2-2) that were agreed to by all parties and that are designed to eliminate the likely anticompetitive effects of the acquisition. The Court entered the Stipulation and Order on October 25, 2018 (ECF No. 15). Under the proposed Final Judgment, CVS and Aetna are required to divest Aetna's PDP contracts to WellCare, another health insurance company. Until the divestitures required by the proposed Final Judgment have been accomplished, Section V of the Stipulation and Order requires CVS and Aetna to preserve the assets to be divested as an ongoing, economically viable and active competitor for individual PDPs.

To facilitate the transition of the divested businesses to WellCare and to ensure the continued competitiveness of the divested assets, the proposed Final Judgment gives certain rights to WellCare—rights, which as explained below, may be overseen through the appointment of a monitoring trustee. For example, Paragraph IV(H) of the proposed Final Judgment requires Defendants, at WellCare's option, to enter into an administrative services

agreement. Additionally, Section V of the proposed Final Judgment gives WellCare the right to attempt to hire Aetna employees without interference from Defendants for a period of 60 days after the divestiture closing date. Because the Defendants have publicly stated that they intend to close the merger between CVS and Aetna in the near future, *see* CVS Health Corporation, Current Filing Report (Form 8-K) (Nov. 20, 2018), that 60-day window is likely to begin shortly.

## II.      The Monitoring Trustee's Role and Responsibilities

Section XI of the proposed Final Judgment (ECF No. 2-2) provides for the appointment of a monitoring trustee with "the power and authority to monitor Defendants' compliance" with the terms of the proposed Final Judgment and Stipulation and Order, and "any other powers that the Court deems appropriate."

As explained in Paragraph XI(B) of the proposed Final Judgment, the monitoring trustee's responsibilities include investigating and reporting on Defendants' compliance with their responsibilities under, and their efforts to effectuate the purposes of, the proposed Final Judgment and Stipulation and Order. Among other things, the monitoring trustee must review Defendants' implementation and execution of the administrative services agreement required by Section IV of the proposed Final Judgment and the hiring of employees under Section V. The monitoring trustee also must file reports every 90 days, or more frequently as needed, with the United States, the Plaintiff States, and as appropriate, the Court. Because the Defendants intend to close the merger between CVS and Aetna in the near future, as noted above, triggering the 60-day window for WellCare to hire Aetna employees, the time is now appropriate for such an appointment.

**III.     Julie Myers Wood's Qualifications to Serve as Monitoring Trustee**

Julie Myers Wood is highly qualified to serve as monitoring trustee in this matter. She has over 20 years of experience in the public and private sector working on regulatory and enforcement issues. She has also served as a monitor or independent consultant on numerous occasions, including as a Department of Justice–appointed independent consultant for a global energy firm related to Office of Foreign Asset Control issues. Her previous experience in the public sector includes serving as an Assistant U.S. Attorney, as Chief of Staff for the Criminal Division at the U.S. Department of Justice, and as an Assistant Secretary in the U.S. Department of Homeland Security heading up its largest investigative component.

Guidepost Solutions is also qualified to support Ms. Wood as the monitoring trustee, having supported monitors and independent consultants in dozens of capacities, including several appointments by the Department of Justice. Neither Ms. Wood nor Guidepost Solutions have conflicts of interest that would disqualify them from fulfilling their role as the monitoring trustee in this case.

The professional biography of Ms. Wood is attached as Exhibit A.

**IV.     Conclusion**

For the foregoing reasons, the United States respectfully requests this Court to approve the appointment of Julie Myers Wood as the monitoring trustee under Section XI of the proposed Final Judgment.

Dated: November 20, 2018

Respectfully submitted,


_____/s/_____
Jay D. Owen
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, D.C. 20530
Tel.: (202) 598-2987
Fax: (202) 616-2441
E-mail: Jay.Owen@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jay D. Owen, hereby certify that on November 20, 2018, I caused a copy of the foregoing Plaintiff United States' Unopposed Motion to Appoint a Monitoring Trustee, Memorandum of Points and Authorities in Support of Plaintiff United States' Unopposed Motion to Appoint a Monitoring Trustee, and Proposed Order to be filed with the Court using its ECF system, to be served upon Plaintiffs State of California, State of Florida, State of Hawaii, State of Washington, and Defendants CVS Health Corporation and Aetna Inc., via the CM/ECF system, and to be served upon Plaintiff State of Mississippi by mailing the documents electronically to its duly authorized legal representative:

**Counsel for State of Mississippi:**
Crystal Utley Secoy
Consumer Protection Division
Mississippi Attorney General's Office
P.O. Box 22947
Jackson, Mississippi 39225
Phone: (601) 359-4213
cutle@ago.state.ms.us

                                                          /s/_____
Jay D. Owen
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, D.C. 20530
Tel.: (202) 598-2987
Fax: (202) 616-2441
E-mail: Jay.Owen@usdoj.gov