UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*,<br><br>        *Plaintiffs*,<br><br>v.<br><br>CVS HEALTH CORPORATION<br><br>and<br><br>AETNA INC.,<br><br>        *Defendants.* | Case No. 1:18-cv-02340-RJL |

**OPPOSITION OF THE UNITED STATES TO MOTIONS FOR LEAVE TO INTERVENE AND PARTIAL OPPOSITION TO MOTIONS FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**

The United States opposes the motions by Consumer Action and U.S. PIRG (ECF #34) and Pharmacists United for Truth and Transparency and Pharmacists Society of the State of New York (ECF #35) to intervene in this matter (collectively "movants"). The Court should not allow the movants to participate as parties in this action because their meaningful participation is assured by the Tunney Act's procedure for submitting comments—a procedure that the movants have already committed to use. Intervention is thus unnecessary and unlikely to contribute any information or arguments otherwise unavailable to the Court.

To the extent the movants seek to introduce issues outside the scope of the United States' Complaint by raising other problems that they see with the defendants' merger, rather than providing information about whether the proposed Final Judgment is in the public interest, they misunderstand the nature of the review prescribed by the Tunney Act, which is limited to determining whether the proposed Final Judgment reasonably addresses the harm identified in

the Complaint. *See* United States Response to Order to Show Cause, ECF #32. To the extent the movants seek to supply information germane to that question, the Tunney Act's procedure for submitting comments provides an adequate forum.

For similar reasons, the United States opposes participation by the movants as amici curiae beyond submitting amicus briefs. The Antitrust Division generally does not oppose the submission of amicus briefs, and it does not oppose the movants' submission of amicus briefs in this matter.[1] What the movants seek instead with their alternative request to participate as amici is intervention by another name. Like their attempt to intervene, participation by the movants as amici threatens to sidetrack and delay the proceeding with no meaningful benefit.

The motions are also premature. After the Court has before it the normal Tunney Act materials—including public comments and the United States' response to the comments—the Court will have an extensive record to evaluate whether the proposed Final Judgment is in the public interest. At that time, if the Court believes it needs additional information, the options available to it under the Tunney Act are more than adequate to inform the Court without intervention. Participation by the movants beyond submitting amicus briefs is therefore unnecessary, irrelevant, and premature.

I. **The movants do not meet the requirements for intervention in Tunney Act proceedings.**

Rule 24 of the Federal Rules of Civil Procedure governs intervention in Tunney Act proceedings. *See* 15 U.S.C. § 16(f) (permitting the court to grant "intervention as a party pursuant to the Federal Rules of Civil Procedure"); *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*") ("[T]he Tunney Act looks entirely to Fed.

---

[1] The proposed amici requested the United States' position with respect to the proposed filing of their brief but did not discuss the substance of their brief with the United States before filing.

R. Civ. P. 24 to supply the legal standard for intervention."). Although the movants refer to Rule 24(b)(2), they appear to seek permissive intervention under what is now Rule 24(b)(1)(B).[2] That Rule authorizes a court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact," so long as intervention does not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

The motions to intervene fail to satisfy the rule's requirements. First, the movants have no "claims or defenses" that share a common question with this action. Second, courts have recognized that the United States is in a better position than private parties to represent the public interest in antitrust cases and have rejected similar efforts by private parties to intervene. Third, even if the movants could satisfy the requirements of Rule 24, the court should exercise its discretion to deny the motions to intervene as ultimately unhelpful to its public interest determination because the movants are not proposing to add anything beyond what they already plan to submit in their Tunney Act comments.

A. **The movants have not identified a "claim or defense" they share in common with the parties.**

Rule 24's requirement that an intervenor have a claim or defense in common with the instant action is rooted in concerns for judicial economy. The rule furthers "the apparent goal of disposing of related controversies together." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998). But the movants have identified no such controversy. To the United States' knowledge, none of the movants has filed a claim related to this action, nor are they defendants in any related action.

Indeed, as advocacy groups, it is not clear that the movants would be able to maintain an independent action against the defendants even if they chose to file one. *See Food & Water*

---

[2] Rule 24 was amended as part of the general restyling of the Civil Rules in 2007.

*Watch v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015) (finding that an interest group lacked standing because it did not sufficiently allege an injury to a concrete interest); *United States v. Int'l Bus. Machines Corp.*, No. 72-344 (AGS), 1995 WL 366383, at *5 (S.D.N.Y. June 19, 1995) ("[I]t is clear that none of the claims asserted by the Proposed Intervenors is legally cognizable in an independent lawsuit.").

Even if the movants could establish standing and assert a plausible claim for relief in a separate lawsuit related to individual PDP—which they have not done, nor expressed an intent to do—their other concerns would not share a "common question of law or fact" with the United States' Complaint. *See, e.g.*, Motion of Consumer Action and U.S. PIRG, ECF # 34, at 5 (discussing vertical foreclosure). Such issues cannot form the basis for a public-interest determination in a Tunney Act proceeding and therefore inherently cannot justify intervention by non-parties. *See United States v. Microsoft*, 56 F.3d 1448, 1460 (D.C. Cir. 1995) (holding that during the Tunney Act process, district courts are "barred from reaching beyond the complaint to examine practices the government did not challenge"); *see also* United States' Response to Order to Show Cause, ECF #32.

The movants seem to realize the weakness of their position, as they repeatedly assert that Rule 24's use of the phrase "claim or defense" should be read liberally. *See* ECF #34, at 13; ECF #35, at 14. But they nevertheless fail to point to even a potential cognizable legal claim that they may assert against the defendants, instead repeating their arguments about what they believe is the inadequacy of the proposed Final Judgment. That belief alone is not sufficient to entitle the movants to intervene as parties in this action. *See Diamond v. Charles*, 476 U.S. 54, 76–77 (1986) (O'Connor, J., concurring) ("claim or defense" is one that "can be raised in courts of law as part of an actual or impending law suit"); *Donson Stores, Inc. v. Am. Bakeries Co.*, 58 F.R.D.

481, 483 (S.D.N.Y. 1973) ("[T]he rule permitting permissive intervention presupposes that the applicant has a right to maintain a claim for the relief he seeks.").

Although at least one court has found Rule 24's requirement of a "claim or defense" satisfied without a preexisting independent lawsuit, it did so only for proposed intervenors who "raised arguments within the scope of Tunney Act review." *United States v. SBC Commc'ns, Inc.*, No. CIV.A.05 2102 EGS, 2007 WL 1830866, at *2 (D.D.C. June 26, 2007). But even that was a step too far, as the plain language of Rule 24 makes clear that the existence of an independent "claim or defense" with overlapping issues of fact or law is a "threshold requirement." *See MSL*, 118 F.3d at 782. The movants do not meet that requirement.

### B. The United States is in the best position to represent the public interest in this proceeding.

The United States conducted a thorough, 11-month investigation into the merger between CVS and Aetna, and it challenged the merger in the markets where it concluded that the merger would result in likely harm. The movants may disagree with the United States' conclusions, but the Tunney Act does not entitle them to expand the scope of the Court's public interest inquiry through intervention. The movants deserve no special status; instead, they must "stand as any other member of the public. They are not entitled to intervene simply to advance their own ideas of what the public interest requires." *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983). "[T]he courts have consistently denied intervention to private parties whose views about the proper terms for an antitrust settlement differed from those of the United States." *Id*; *see also United States v. InBev N.V./S.A.*, Civ. No. 08-1965(JR) (D.D.C. Feb. 3, 2009) (denying motion to intervene); *United States v. Thomson Corp.*, No. 96-1415(PLF), 1996 WL 554557, at *3 (D.D.C. Sept. 25, 1996) (same); *Int'l Bus. Machines Corp.*, 1995 WL 366383 (same).

By seeking intervention, the movants would impermissibly substitute their interpretation of the public interest for that of the United States. "A private party generally will not be permitted to intervene in government antitrust litigation absent some strong showing that the government is not vigorously and faithfully representing the public interest" in reaching the proposed final judgment. *United States v. Hartford-Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978) (quoted with approval by *MSL*, 118 F.3d at 783). The movants have made no such showing, much less a strong one, and they should not be permitted to intervene as parties in this action.

      **C.**    **Even if the movants could meet Rule 24's requirements, the Court should exercise its discretion to reject their motions to intervene.**

Even if the movants could show that they satisfy the plain language of Rule 24(b)(1)(B), their motions should nonetheless be denied because they have failed to "establish that [their] participation would aid the court." *MSL*, 118 F.3d at 783. The Tunney Act expressly gives the Court discretion to reject motions to intervene. *See* 15 U.S.C. § 16(e)(2) ("Nothing in this section shall be construed . . . to require the court to permit anyone to intervene."). Unlike a typical proceeding, where the ability of non-parties to participate is more constrained, this proceeding already provides a ready avenue for non-parties to make their voices heard—the Tunney Act comment process. The movants offer no explanation for why this procedure is inadequate. Indeed, both sets of movants intend to submit comments through the ordinary process. ECF #34, at 1; ECF #35, at 2.

The movants do not say how their intervention as parties or their participation as amici would provide meaningful additional information or insight over and above what they will submit with their comments. Because they are not buyers or sellers of individual Part D plans, these particular groups appear particularly ill-suited to provide helpful information to the Court in this case. In any event, the Tunney Act's procedure for submitting comments is open to them,

and their intervention would be largely redundant. *See United States v. Microsoft Corp.*, 2002 WL 319436, at *3 (D.D.C. Feb. 20, 2002) ("Because the Court is authorized to consider [the] comments submitted to the Department of Justice, 15 U.S.C. § 16(f)(4), and because the Court has already received and will review copies of [the] comments, . . . the Court considers any additional participation by [the commentor] to be largely superfluous."). Because nothing in the movants' submissions justifies their participation as anything other than commenters in the ordinary Tunney Act process, the Court should not permit them to intervene as parties.

II.     **The movants should not be given extraordinary access to the proceeding as amici curiae.**

While the United States does not object to the movants submitting amicus briefs, the movants are simply seeking intervention by another name with their request to participate in the proceedings as amici. *See, e.g.*, ECF #34, at 2. For the same reasons that the United States opposes the movants' requests to intervene as parties, the movants should not be permitted extraordinary access to the proceedings as amici. Submitting briefs and public comments provides a sufficient opportunity for the movants to express their concerns to the Court and be heard. Members of the public are not ordinarily permitted to speak at or request hearings in matters where they are not parties, and they are not permitted to seek discovery. *See U.S. ex rel. McReady v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 114, 119 (D.D.C. 2003) (referring to the "general rule that nonparties may not participate in litigation"). While the Tunney Act provides for participation by non-parties in some circumstances, doing so here would not be helpful. The movants have not raised any issues within the scope of the Tunney Act proceeding that they are particularly well-suited to address or that requires discovery, testimony, or any other special participation. Giving the movants that access here would needlessly complicate and delay the proper Tunney Act inquiry.

### III. The movants' filings are premature because the United States has not yet responded to public comments.

The movants' filings are premature because the Tunney Act process is ongoing. The United States has not yet evaluated and responded to public comments submitted as part of the Tunney Act process. After the United States submits its response, the Court will then have an opportunity to decide whether it has sufficient grounds to make a public-interest determination. The Court is expressly not required to seek additional information after receiving the comments and the United States' response. 15 U.S.C. § 16(e)(2) ("Nothing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene."). The record at that point is likely to be extensive, and the Court will have a substantial amount of information at its disposal, likely rendering an evidentiary hearing unnecessary.

But if the Court needs additional information, it should use the "least complicated and least time-consuming means possible" for acquiring that information. S. Rep. No. 93-298, at 6-7 (1973)). If means other than intervention suffice, they should be used instead of intervention. *See G. Heileman Brewing*, 563 F. Supp. at 647 (denying intervention in part because movants had not "shown that the [Tunney Act's] third-party comment procedure is an inadequate means to apprise the Court of their complaints about the Final Judgment"); *United States v. Stroh Brewery Co.*, Civ. Action No. 82-1059, 1982 WL 1852, at *2 (D.D.C. June 8, 1982) (comment procedures afforded adequate means of informing the court). Because all the comments have not yet been received, and the United States has not yet responded to the comments, the record is not yet complete. At this point, the movants' requests to intervene or, in the alternative, to participate as amici beyond submitting written briefs are therefore premature.

**IV.    Conclusion**

The Tunney Act proceeding will determine whether the remedy negotiated by the parties and presented to the Court reasonably addresses the harm alleged in the complaint. Nothing that the movants propose to provide, either as intervenors or as amici curiae, would meaningfully aid the Court in conducting its inquiry, as the appropriate mechanism for non-parties to participate in this proceeding is the Tunney Act's comment process. Their motions to intervene or to participate as amici beyond submitting briefs should be denied.

Dated: December 17, 2018

Respectfully submitted,

/s/
Jay D. Owen
Justin T. Heipp (D.C. Bar #1017304)
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, D.C. 20530
Tel.: (202) 598-2987
Fax: (202) 616-2441
E-mail: Jay.Owen@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jay D. Owen, hereby certify that on December 17, 2018, I caused a copy of the foregoing document to be served upon Plaintiffs State of California, State of Florida, State of Hawaii, State of Washington, and Defendants CVS Health Corporation and Aetna Inc., via the Court's CM/ECF system, and to be served upon Plaintiff State of Mississippi by mailing the documents electronically to its duly authorized legal representative:

**Counsel for State of Mississippi:**
Crystal Utley Secoy
Consumer Protection Division
Mississippi Attorney General's Office
P.O. Box 22947
Jackson, Mississippi 39225
Phone: (601) 359-4213
cutle@ago.state.ms.us

                                               /s/
                                             Jay D. Owen
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, D.C. 20530
Tel.: (202) 598-2987
Fax: (202) 616-2441
E-mail: Jay.Owen@usdoj.gov