LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

ENU MAINIGI
(202) 434-5420
emainigi@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 20, 2018

By ECF

Hon. Richard J. Leon, U.S. District Court Judge
U.S. District Court Judge for the District of Columbia
E. Barrett Prettyman Courthouse
333 Constitution Avenue Northwest
Washington, DC 20001

  Re: *United States v. CVS Health Corporation, et al.*, Civil Action No. 18-2340 (RJL)

Dear Judge Leon:

  In response to the Court's request at the December 18, 2018 hearing, we write on behalf of CVS Health Corporation ("CVS") concerning the four-step undertaking described in CVS's Response to the Court's Order to Show Cause (ECF No. 33). CVS voluntarily committed to these four steps, without a request from the government or a court order, because CVS believes they are appropriate to facilitate the Court's Tunney Act review and for CVS's business purposes. There is no need for an order from this Court or oversight from a monitor.

  CVS understands the Court's desire for assurance that it will continue to follow the four steps while the Tunney Act proceeding is ongoing. CVS accordingly will commit to filing quarterly declarations with the Court certifying under oath that each step remains in place. CVS's affirmative and voluntary promises to undertake the four steps and provide ongoing declarations demonstrate that the Company is prepared to do what is proper on a voluntary basis. While CVS believes it can commit to these for the period of the Tunney Act review, to the extent that it desires to modify or end one of the commitments, CVS will give the Court 30 days' notice and an explanation of the reasons for the proposed change before implementing it.

**I.** **The Court Did Not Impose a Monitor in *AT&T*, and One Is Not Necessary Here.**

  The four steps CVS is taking are modeled on the provisions negotiated between the Department of Justice ("DOJ") and AT&T during the appeal in *United States v. AT&T*. Civ. No. 17-2511, ECF No. 148-1 (Letter from D. Petrocelli). AT&T undertook those measures voluntarily, without the need for a court order, and the Court did not appoint a monitor. *See id.*, ECF No. 148-2 (Proposed Order) (modifying Case Management Order only "to excise the post-ruling waiting period" and imposing no further obligation). DOJ and the Court did not request a

WILLIAMS & CONNOLLY LLP

Hon. Richard J. Leon
December 20, 2018
Page 2

monitor in AT&T even though the alleged harm spanned the entire merger.  Nor did AT&T provide quarterly declarations, as CVS now proposes. CVS respectfully submits that its assurances of voluntary compliance are likewise sufficient.  CVS will not deviate from these four steps without first providing sufficient notice and explanation to the Court.

CVS notes that its undertaking compares favorably with the steps in *AT&T* in three respects.  *First*, the posture of the *AT&T* case was different in a way that made the four steps more critical.  DOJ sought to block the AT&T merger altogether and took the position that maintaining the separateness of the Turner networks was essential to preserving competition.  In this case, DOJ determined that, after the divestiture of Aetna's Part D business to WellCare, the combination of CVS and the remainder of Aetna's business poses no risk of anticompetitive harm.  *Second*, AT&T acquired Time Warner in its entirety but agreed only to apply the provisions to the Turner networks, one of three primary business units of Time Warner.  CVS, on the other hand, has agreed to apply the four steps not just to a business unit but to all of Aetna. *Third*, as discussed below, CVS is proposing to provide sworn declarations on a quarterly basis, which further exceeds AT&T's commitments.

## II.    The Costs and Burden of a Monitor Would Outweigh Any Benefits.

Corporate monitors can be appropriate where the benefits of their oversight outweigh the costs and burden to the company.  Past experience indicates that the costs of corporate monitors, no matter how narrowly their charter is drawn, can run into the millions of dollars.  Where the public and the Court benefit significantly from such a measure, those expenditures can be well worthwhile.  We respectfully submit, however, that this is not such a case.

The monitor currently in place has specifically defined functions under the Proposed Final Judgment aimed at ensuring that the divested Part D business is a viable competitor in that marketplace and that the transition services provided to WellCare are satisfactory.  To assist with this task, the monitor has retained external consultants with Part D experience.  Expanding the monitor's role to cover functions related to the non-divested portions of Aetna's business likely would require CVS to expend significant additional time and resources to provide the monitor with sufficient familiarity with those aspects of the business for the monitor to certify the merged parties' adherence to the four steps.  The monitor likely would have to become familiar with, among other things, Aetna's current and contemplated product offerings and pricing; the compensation and benefits arrangements for thousands of employees; and the several firewall policies that were implemented after review by the Department of Justice.  To the extent the monitor were permitted to retain additional outside experts, that would further increase the cost and burden to CVS.  There are few synergies between the monitor's current Part D responsibilities and those that may be required to oversee the four voluntary steps.

To the extent the Court instead envisions that a monitor would merely contact the company periodically to ask whether the four steps are still in place, *see* Hr'g Tr. of Dec. 18,

WILLIAMS & CONNOLLY LLP

Hon. Richard J. Leon
December 20, 2018
Page 3

2018 at 12:2–6, the same information could be more properly provided directly to the Court via sworn declaration without the need for an intermediary to relay that information.

As a legal matter, CVS also believes it would not be appropriate for the Court to order a monitor concerning Aetna's non-divested assets, for the same reasons it would not be appropriate for the Court to enter a hold-separate order more generally, given the nature and scope of Tunney Act review. *See CVS Response to Order to Show Cause,* ECF No. 33, at 17-20. The Court need not consider that question, however, because CVS's voluntary steps make a monitor unnecessary.

### III.   CVS Will Provide Quarterly Sworn Declarations.

CVS has represented on the record and in open court that it will observe the four-step undertaking. To provide further assurance that this commitment is continuing in nature, CVS proposes to provide declarations of compliance, under penalty of perjury, on a quarterly basis (commencing January 4, 2019) to certify that each step remains in place. CVS will not deviate from these four steps without first providing 30 days' notice and an explanation to the Court of the reason for the change, which will give the Court time to consider the circumstances. These sworn declarations would be submitted by CVS/Aetna employees with personal knowledge of the steps and their implementation. CVS will continue to provide these declarations until the conclusion of the Court's Tunney Act review. We respectfully submit that this would be the most appropriate way for Your Honor to ensure adherence to the four-step undertaking.

CVS reiterates that it is fully committed to assisting the Court in the Tunney Act process, and it has demonstrated that commitment through its voluntary undertakings. In these circumstances, the Court should accept CVS's assurances, bolstered by quarterly sworn declarations, without issuing a formal order or imposing the burdens of a monitor.

                                                                      Respectfully submitted,

                                                             /s/ Enu Mainigi

                                                        Enu Mainigi
                                                        WILLIAMS & CONNOLLY LLP
                                                        725 Twelfth Street N.W.
                                                        Washington, DC 20005
                                                        Tel.: (202) 434-5000
                                                        Email: emainigi@wc.com

CC:

Michael G. Cowie
DECHERT LLP
1900 K Street, NW

WILLIAMS & CONNOLLY LLP

Hon. Richard J. Leon
December 20, 2018
Page 4

Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
Email: mike.cowie@dechert.com

Jay D. Owen
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, D.C. 20530
Tel.: (202) 598-2987
Fax: (202) 616-2441
E-mail: Jay.Owen@usdoj.gov