UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 18-2340 (RJL) |
| ) | |
| CVS HEALTH CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER
December 21, 2018

On December 3, 2018, I ordered the parties to this civil antitrust action to show cause why CVS Health Corporation ("CVS") should not be required to hold assets acquired from Aetna Inc. ("Aetna") separate from its pre-acquisition businesses until completion of the statutorily mandated procedures for reviewing and evaluating the consent judgment through which the parties hope to resolve this challenge to CVS's acquisition. *See* 15 U.S.C. § 16(b)–(h) ("the Tunney Act").

In response to the Order to Show Cause, CVS reported on December 14, 2018, that it had taken four steps to address my concerns about maintaining the status quo during the required review process. According to CVS,

1. Aetna's health insurance business is being operated as a separate and distinct unit from CVS retail pharmacy and pharmacy benefit manager CVS Caremark within the CVS Health enterprise. . . .

2. Aetna will maintain its historical control over the pricing and product offerings brought to market.

3. Aetna personnel will retain their current compensation and

> benefits.
>
> 4. CVS Health has and will maintain a firewall to prevent the exchange of competitively sensitive information between CVS Health and Aetna.

CVS Health Corp.'s Memo. in Resp. to the Court's December 3, 2018 Order to Show Cause at 15-16 [Dkt. # 33]. At a December 18, 2018 hearing in this matter, I indicated that these steps taken by CVS were constructive and appropriate. I therefore inquired as to whether the monitor I had already appointed in this case should additionally monitor CVS's ongoing compliance with these four steps. I gave the parties two days to evaluate that option and report back to the Court.

On December 20, 2018, CVS submitted a letter to the Court, stating its belief that it can keep the four measures in place for the duration of the Tunney Act review and offering in lieu of a monitor to provide quarterly sworn declarations certifying compliance with the four measures. CVS Ltr. at 1, 3 [Dkt. # 42]. CVS also represented that it would not deviate from any of the four measures without first providing 30 days' notice of its desire to implement a change and an explanation of the reason for implementing the change. *Id.* at 3.

Based on CVS's constructive and appropriate representations, I am satisfied that, so long as these measures remain in place, the assets involved in the challenged acquisition will remain sufficiently separate as to facilitate and complete the statutory review of the parties' proposed consent judgment and my determination of whether "entry of [the proposed] judgment is in the public interest." 15 U.S.C. § 16(e)(1).

Accordingly, upon consideration of the parties' responses to the Order to Show Cause issued on December 3, 2018, and the entire record to date in this case, it is hereby

**ORDERED** that, until final judgment is entered or this case is otherwise withdrawn or resolved, (i) CVS shall operate Aetna's health insurance business as a separate and distinct unit from CVS retail pharmacy and pharmacy benefit manager CVS Caremark within the CVS Health enterprise; (ii) Aetna shall maintain its historical control over the pricing and product offerings brought to market; (iii) Aetna personnel shall retain their current compensation and benefits; and (iv) CVS Health shall maintain a firewall to prevent the exchange of competitively sensitive information between CVS Health and Aetna; it is further

**ORDERED** that, commencing January 4, 2019, CVS shall file with this Court, on a quarterly basis, declarations certifying compliance with each of these four measures; the declarations shall be sworn under penalty of perjury by CVS/Aetna employees with personal knowledge of the measures and their implementation; it is further

**ORDERED** that CVS shall not deviate from its implementation of these four measures without first providing 30 days' notice and a written explanation of the reason(s) for the desired change to this Court; it is further

**ORDERED** that the obligations imposed by this Order shall automatically terminate upon entry of final judgment in this case; and it is further

**ORDERED** that the Order to Show Cause issued in this case on December 3, 2018, is otherwise DISCHARGED.

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge