UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, *et al.*,   )
                                       )
      **Plaintiffs**,                       )
                                       )
v.                                     )   Civil Case No. 18-2340 (RJL)
                                       )
CVS HEALTH CORPORATION, *et al.*,      )
                                       )
      **Defendants**.                       )

## MEMORANDUM ORDER
January 11th, 2019

This case is a civil antitrust action, brought by the United States of America ("the Government") and the States of California, Florida, Hawaii, Mississippi, and Washington to challenge the merger of CVS Health Corporation ("CVS") and Aetna Inc. ("Aetna"). The parties have agreed to settle the suit through entry of a consent judgment. That proposed judgment, however, cannot be entered until the Government completes certain procedures required by the Tunney Act, 15 U.S.C. § 16(b)–(h), and I determine that their proposed judgment is in the public interest. The procedural requirements in the Tunney Act will not be complete, and this case cannot proceed, until the Government: (1) responds to any comments it has received from members of the public about its proposed consent judgment; and (2) files both the public comments and its response to the comments with this Court. *See id.* § 16(b), (d), (f)(4). Indeed, the Government informed me at a December 18, 2018 hearing in this case that it was "plan[ning] to work through those

comments very quickly[] and . . . hope[d] to have a response to [me] by early February, if possible." Dec. 18, 2018 Hr'g Tr. 15:6-8 [Dkt. # 40].

The Government now reports that its plans have changed due to the current appropriations impasse that has resulted in a partial Government shutdown. *See* Status Report on the United States' Response to Public Comments ("Status Report") at 1 [Dkt. # 47]. To that effect, the Government filed a Status Report on January 8, 2019, informing me that "the Antitrust Division ***cannot*** work on its response to public comments at this time[] and . . . will not be able to do so until funding is restored by Congress, *see* 31 U.S.C. § 1342, ***unless otherwise ordered by the Court***." *Id.* (emphases added).

To say the least, this pronoucement was surprising given the Government's earlier arguments to me that slowing implementation of the CVS-Aetna merger could "delay any efficiencies that might result from the transaction" and "create uncertainty for customers, employers, and shareholders." United States' Response to Order to Show Cause at 11 [Dkt. # 32]. Indeed, the public interest would seem to require more than the indefinite stay of the proceedings the Government is effectively seeking. After all, the sixty-nine billion dollar merger at issue in this case involves "one of the largest companies in the United States" acquiring "the nation's third-largest health insurance company." Compl. ¶¶ 15-17 [Dkt. # 1]. If the merger will truly bring the benefits and efficiencies to the healthcare system the Government claims it will, staying it because of this unfortunate funding impasse would be unwarranted and could have far-reaching consequences in

2

markets that affect consumers' health and well-being. In short, the Government's internal, political squabble over funding is *NO* reason to postpone the congressionally mandated evaluation of the Government's proposal to remedy the antitrust concerns allegedly raised by the merger's consummation !

Accordingly, I will treat the Government's Status Report as a motion to stay these proceedings, deny that motion, and order the Government to continue reviewing and responding to the public comments. *See* Status Report at 1 ("[T]he Antitrust Division cannot work on its response to public comments ... unless otherwise ordered by the Court."); U.S. Dep't of Justice, FY 2019 Contingency Plan at 3 (Sept. 11, 2018), https://www.justice.gov/jmd/page/file/1015676/download ("If a court denies ... a request [to postpone a case] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."). I expect the Government attorneys working on this case to roll up their sleeves, respond to the public's concerns about the CVS-Aetna merger, and file the comments received from members of the public and the Government's response to those comments with this Court by the 15th of February.

For the foregoing reasons, it is hereby

**ORDERED** that the Government's Status Report [Dkt. # 47] shall be treated as a motion to stay these proceedings and that the motion is **DENIED**; it is further

**ORDERED** that the Government shall continue reviewing and responding

to public comments related to this matter; and it is further

**ORDERED** that, on or before February 15, 2019, the Government shall file with this Court the public comments related to this matter and the Government's response to those comments.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge