# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA *et al.*,

                    *Plaintiffs,*

v.

CVS HEALTH CORPORATION

and

AETNA INC.,

                    *Defendants.*

Case No. 1:18-cv-02340-RJL

## PLAINTIFF UNITED STATES' MOTION AND MEMORANDUM IN SUPPORT OF ENTERING THE PROPOSED FINAL JUDGMENT

Pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b)–(h) ("APPA"), the United States moves for entry of the proposed Final Judgment filed on October 10, 2018 (attached as Exhibit 1).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") and Response of Plaintiff United States to Public Comments on the Proposed Final Judgment ("Response to Public Comments")—filed by the United States on October 10, 2018 (Dkt. # 3), and February 13, 2019 (Dkt. # 56), respectively—explain why entry of the proposed Final Judgment is in the public interest. With this motion, the United States is also filing a Certification of Compliance (attached as Exhibit 2) showing that the parties have complied with all applicable provisions of the APPA and certifying that the 60-day statutory public comment period has expired.

I.      **Background**

On October 10, 2018, the United States filed a Complaint in this matter alleging that

CVS's proposed acquisition of Aetna would substantially lessen competition for the sale of

individual prescription drug plans (PDPs) in the United States in violation of Section 7 of the

Clayton Act, 15 U.S.C. § 18.

Simultaneously with the filing of the Complaint, the United States filed a proposed Final

Judgment; an Asset Preservation Stipulation and Order signed by the parties that consents to

entry of the proposed Final Judgment after compliance with the requirements of the Tunney Act

have been met; and a Competitive Impact Statement describing the transaction and the proposed

Final Judgment.

The proposed Final Judgment, which requires CVS to divest Aetna's individual PDP

business nationwide to WellCare, has several components. First, CVS must divest both of

Aetna's individual PDP contracts with the Centers for Medicare and Medicaid Services. Aetna's

individual PDP business was the only portion of Aetna's business where the merger with CVS

would have caused a substantial lessening of competition. These contracts were transferred to

WellCare on November 29, 2018. Second, the proposed Final Judgment required CVS and Aetna

to transfer all data relating to Aetna's individual PDP business to WellCare, including

information regarding the amount that Aetna pays to retail pharmacies in exchange for filling

prescriptions for Aetna members and any contracts with brokers that currently sell Aetna's

individual PDPs. Third, during the 60-day period following the sale to WellCare, the proposed

Final Judgment gave WellCare the opportunity to interview and hire Aetna's current employees

with expertise related to the individual PDP business. Fourth, CVS must, at WellCare's option,

enter into an administrative services agreement to provide WellCare with all of the services

required to manage the divestiture assets through the 2019 plan year, which ends on December 31, 2019, including contracting with pharmacy networks, administering the plans' formularies, and providing back-office support and claims administration functions. Finally, CVS and Aetna must allow WellCare to use the Aetna brand for the divestiture assets through the 2019 plan year.

## II.     The United States respectfully requests the Court to enter the Final Judgment

### A.     The requirements of the APPA have been satisfied

The APPA requires a 60-day period for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and the CIS with the Court on October 10, 2018; published the proposed Final Judgment and CIS in the *Federal Register* on October 17, 2018, *see* 83 Fed. Reg. 52558; and had summaries of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, published in *The Washington Post* for seven consecutive days on October 12–18, 2018. The 60-day period for public comments ended on December 17, 2018. The United States received 173 written comments relating to the proposed Final Judgment. On February 13, the United States filed with the Court its Response to Public Comments. The United States posted on the Antitrust Division's website the 173 comments and its Response to Public Comments. As authorized by 15 U.S.C. § 16(d) and the Court's February 9, 2019 Minute Order, on February 21, 2019, the United States published in the *Federal Register* its Response to Public Comments and the location on the Antitrust Division's website at which the 173 public comments are accessible, *see* 84 Fed. Reg. 5466 (2019).

The Certification of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. The parties have stipulated that, upon the

motion of any party or upon the Court's own motion, the proposed Final Judgment may be entered by the Court at any time after compliance with the requirements of the APPA and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent. Asset Preservation Separate Stipulation and Order, Section IV.A. (Dkt. #15). It is now appropriate for the Court to enter the proposed Final Judgment if it finds that it is in the public interest pursuant to 15 U.S.C. § 16(e). Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

**B.     Standard of judicial review under the APPA**

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court shall consider:

> (A)     the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

> (B)     the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. §§ 16(e)(l)(A), (B).

The Court can make the public-interest determination based on the CIS and the Response to Public Comments alone. Section 16(e)(2) of the APPA states that "[n]othing in this section

shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene."

In its Response to Public Comments, the United States set forth the public interest standard under the APPA and now incorporates those statements herein by reference. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment. As explained in the CIS, Response to Order to Show Cause (Dkt. # 32), and the Response to Public Comments, entry of the proposed Final Judgment is in the public interest.

## III.    Conclusion

For the reasons set forth in this Motion and Memorandum, the CIS, the Response to Order to Show Cause, and the Response to Public Comments, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and be entered at this time.


Dated: February 25, 2019

Respectfully submitted,


_____/s/_____
Jay D. Owen
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, D.C. 20530
Tel.: (202) 598-2987
Fax: (202) 616-2441
E-mail: Jay.Owen@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jay D. Owen, hereby certify that on February 25, 2019, I caused a copy of the

foregoing document to be served upon Plaintiffs State of California, State of Florida, State of

Hawaii, State of Washington, and Defendants CVS Health Corporation and Aetna Inc., via the

Court's CM/ECF system, and to be served upon Plaintiff State of Mississippi by mailing the

documents electronically to its duly authorized legal representative:

**Counsel for State of Mississippi:**
Crystal Utley Secoy
Consumer Protection Division
Mississippi Attorney General's Office
P.O. Box 22947
Jackson, Mississippi 39225
Phone: (601) 359-4213
cutle@ago.state.ms.us

_____/s/_____
Jay D. Owen
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, D.C. 20530
Tel.: (202) 598-2987
Fax: (202) 616-2441
E-mail: Jay.Owen@usdoj.gov
