# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| United States of America et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Case Number |
| | ) 1:18-cv-02340-RJL |
| CVS Health Corporation et al., | ) |
| | ) |
| Defendants. | ) |

## AIDS HEALTHCARE FOUNDATION'S
## OPPOSITION TO CVS'S MOTION TO EXCLUDE

Amicus curiae AIDS Healthcare Foundation ("AHF") respectfully submits this brief in opposition to CVS Health Corp.'s ("CVS") Motion to Exclude (ECF No. 81) ("CVS's Motion"). CVS's Motion should be denied for three reasons. First, CVS's Motion is simply a retread of failed arguments it has previously raised and which the Court has rejected. Second, CVS's Motion seeks to improperly limit the discretion afforded to the Court under the Antitrust Procedures and Penalties Act (the "Tunney Act"). Third, the fact that AHF participates in the same markets as CVS is not a reason to exclude AHF's witnesses from the hearing.

## ARGUMENT

### I.    CVS's Motion Should Be Denied under the Law-of-the-Case Doctrine

CVS's Motion asks the Court to "exclude, from the record on which this Court will make its public interest determination pursuant to [the Tunney Act] any witness testimony and other evidence and argument pertaining to purported antitrust concerns other than the violations alleged in the Complaint." CVS's Motion, at 1, 5-9. CVS also asks the Court to decline to hold an evidentiary hearing. *Id.* at 9-18. But CVS has previously asked the Court for the relief it

seeks in its motion, and the Court has denied CVS's request.  Therefore, the Court should

reaffirm its earlier ruling and deny CVS the relief that it seeks, under the law-of-the-case

doctrine.

Under that doctrine, "the *same issue* presented a second time in the *same case* in the *same court* should lead to the *same result*." *Thomas v. Gandhi*, 650 F. Supp. 2d 35, 39 (D.D.C. 2009) (Leon, J.) (quoting *LaShawn A. v. Barry*, 87 F. 3d 1389, 1393 (D.C. Cir. 1996) (emphasis in original)); *see also Arizona v. California*, 460 U.S. 605, 618 (1983) ("As most commonly defined, the [law-of-the-case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").  The law-of-the-case doctrine applies equally to issues decided both explicitly and "by necessary implication."  *See LaShawn A.*, 87 F.3d at 1394 (internal quotations omitted).  "The Supreme Court has instructed the lower courts to be 'loathe' to reconsider issues already decided 'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *LaShawn A.*, 87 F.3d at 1393 (internal quotations omitted).  No such extraordinary circumstances exist here.

Throughout the course of these Tunney Act proceedings—indeed, well before AHF filed its motion for leave to participate as amicus curiae—the Court has made it clear to DOJ and CVS that it has the discretion to, and intends to, consider issues beyond those raised in DOJ's Complaint.

More than six months ago, on December 2, 2018, DOJ filed a "Status Report on Merger Integration," in which DOJ attempted to limit the Court's Tunney Act inquiry to the decree and the Complaint.  DOJ stated in the status report that "'the court is only authorized to review the decree itself,' and not to 'effectively redraft the complaint' to inquire into other matters that the

United States did not pursue." (ECF No. 25, at 3) (citing *United States v. Microsoft Corp.*, 56 F.3d 1448, 1459-60 (D.C. Cir. 1995)).  At the hearing the next day, December 3, 2018 (at which CVS's counsel was present), the Court, in addressing DOJ's status report, made clear that it disagreed with DOJ's interpretation of the Court's role, and specifically mentioned the need to consider public commentary on the merger:

> [T]hank you for so helpfully explaining my important role in this process.  *Curiously, however, you said that my role, in effect, is limited simply to deciding whether your proposed judgment adequately addresses your complaint.  You seem to have left something out.  As I'm sure you're well aware, our Court of Appeals, since the Microsoft case, has made it very clear that District Judges must ensure that the government did not draft its complaint so narrowly as to make a mockery of its judicial power.  At this point, I am concerned that the comments I might receive in the next two weeks will raise this very point.*  Indeed, considering that you told me just last week that Aetna sold its divested business for a mere 50- to $100 million, I am concerned that your complaint raises anti-competitive concerns about one-tenth of one percent of this $69 billion deal.

ECF No. 26 at 6:14-7:6) (emphasis added).

Following the hearing, the Court issued an Order to Show Cause to both DOJ and CVS/Aetna as to why a Hold Separate Order should not issue.  In its Response to Order to Show Cause, DOJ again argued, at length, that the Court should not go beyond the Complaint in its Tunney Act review.  (ECF No. 32, at 1-8).  At the Show Cause Hearing, on December 18, 2018 (at which CVS's counsel was present), the Court addressed DOJ's response, stating that it was "not helpful to the Court," and "unnecessarily defensive, if not hostile, to the role of the Federal Courts in the post Tunney Act amendments period, 2004."  (ECF No.40, at 17:23-18:3).

At a status conference on April 5, 2019, the Court considered and rejected the very arguments that CVS raises in its motion.

Specifically, at the April 5 hearing, counsel for AHF stated that it intended to call witnesses at any evidentiary hearing, including at least one economic expert who would "support the theories that [AHF] laid out in [its] amicus brief" (ECF No. 69 at 6:11-13).  Counsel for the consumer groups stated that he intended to call Diana Moss as a witness to testify to "the antitrust concerns – the horizontal and the vertical antitrust concerns."  *Id.* at 11: 3-11.  In response to that presentation, DOJ again argued that the issues before the Court should be limited to those raised in the Complaint.  *Id.* at 17:7-11.  The Court then engaged in a colloquy with DOJ counsel on whether this position was supported by D.C. Circuit precedent.  *Id.* at 17:13-25. Following that colloquy, CVS's counsel made extensive arguments—covering six pages of the hearing transcript—that mirror the arguments in CVS's Motion.  Specifically, CVS's counsel argued that before any testimony is offered, the Court should first determine what issues are relevant to the hearing, and agreed with the DOJ's counsel that any issues beyond those raised in the Complaint were irrelevant to the hearing.  *Id.* at 18: 6-24:25.

In response to those arguments by counsel for both DOJ and CVS, the Court declined to limit the issues in the hearing.  The Court stated that, in response to the amici witnesses' testimony about issues beyond those in the Complaint, the parties could "call three people or two or three people who would simply indicate that, The testimony that you've just heard, Your Honor, is for whatever – the following reasons irrelevant and is not worthy of your consideration.  You just put on a couple witnesses who will say that."  *Id.* at 24:10-16.  The Court then proceeded to describe the forthcoming order, in which the parties and amici were directed to disclose their witnesses, which the Court issued on April 8, 2019.  *Id.* at 25:4-26:10. The Court also made clear that there would be an evidentiary hearing.  (ECF No. 69 at 14:7-10)

("[T]he bus has already, you know, left the station.  So I'm talking about now if we're going to have an evidentiary hearing, not whether we're going to have one.  We're going to have one.").

By not excluding any of the amici's witnesses or limiting the scope of their testimony, the Court "by necessary implication," *LaShawn A.*, 87 F.3d at 1394, denied CVS's request to limit the scope of the Court's public interest determination under the Tunney Act.  Moreover, there are no extraordinary circumstances here precluding application of law-of-the-case doctrine, such as an initial decision that is clearly erroneous or would work a manifest injustice.  In fact, the opposite is true:  the Court is well within its discretion under the Tunney Act to hold an evidentiary hearing and to consider issues beyond those raised in the Complaint.  Therefore, because DOJ's Motion raises the *same issue* in the *same case* in the *same court*, it should lead to the *same result*—denial of DOJ's Motion.

## II.   CVS's Motion Seeks to Improperly Limit the Court's Discretion under the Tunney Act

As explained in AHF's amicus brief (ECF No. 60) (incorporated here by reference), the plain language of the Tunney Act, as interpreted by courts in this Circuit, permits consideration of the issues that AHF will raise at the hearing.  In *United States v. SBC Communications, Inc.*, Judge Sullivan ruled that "this Court cannot look beyond the complaint in making the public interest determination *unless the complaint is drafted so narrowly as to make a mockery of judicial power*." 489 F. Supp. 2d 1, 15 (D.D.C. 2007) (citing *United States v. Microsoft*, 56 F.3d at 1462) (emphasis added).[1]

---

[1] More recent decisions in this Court also reject CVS's position and follow the guidance of *SBC Communications*.  *See, e.g.*, *United States v. US Airways Group, Inc.*, 38 F. Supp. 3d 69, 85 (D.D.C. 2014); *see also, e.g.*, *United States v. Graftech Intern. Ltd.*, No. 1:10-cv-02039, 2011 WL 1566781, at *13-14 (D.D.C. Mar. 24, 2011).

DM1\9592983.3

This is the type of case where the "judicial mockery" exception should be applied.  The CVS/Aetna merger is the largest healthcare merger in history, combining the third-largest insurance company with the largest pharmacy chain and one of three dominant PBMs in the country.  Yet, as the Court has recognized, DOJ's Complaint deals with just .1% of this $69 billion deal.  Moreover, this case has attracted an unusual amount of public concern--there were 173 Tunney Act comments, compared to just five comments in the *Microsoft* case and three in *SBC*, for example.  As the DOJ has conceded, the overwhelming majority of the comments expressed concerns about the merger.  (ECF No. 56, at 34) ("Twenty-six commenters expressed support for the merger or praised CVS's business practices.").

The Court has appropriately recognized that this is a uniquely important case worthy of robust, public evidentiary proceedings.  (ECF No. 69 at 27:5-10) ("This is a matter of great consequence to a lot of people, millions and millions of people in this country.  Millions and tens of millions are going to be affected by this merger if it should be consummated completely, and health care is a very high priority issue for tens and tens of millions of families throughout this country.").

## III.     The Fact That AHF Participates In the Same Markets as CVS Is Not a Reason To Exclude AHF's Witnesses From the Hearing

CVS's argument that because AHF participates in the same markets as CVS, its witnesses should be excluded from the hearing is meritless.  Depending on the market, AHF could be considered a customer or a competitor of the combined CVS/Aetna entity, and testimony from AHF's fact and expert witnesses will aid the Court's understanding of this complicated industry and these complicated markets.  *See, e.g.*, Horizontal Merger Guidelines at § 2.2.2 ("The conclusions of well-informed and sophisticated customers on the likely impact of the merger itself can also help the Agencies investigate competitive effects, because customers typically feel

6

DM1\9592983.3

the consequences of both competitively beneficial and competitively harmful mergers."); *see also, id.* at §2.2.3 ("Information from firms that are rivals to the merging parties can help illuminate how the market operates.").

While CVS attempts to cite this Court's evaluation of competitor and customer testimony in the AT&T/Time Warner case to support its exclusion argument, its argument fails.  This Court did not *exclude* such testimony in that case.  As it did in *AT&T/Time Warner*, the Court has the discretion to hear and consider the evidence introduced by AHF's witnesses, and to give it whatever weight the Court determines is appropriate, taking into account AHF's participation in these various markets.  *See, e.g.*, *United States v. AT&T Inc.*, 310 F. Supp. 3d 161, 211 (D.D.C. 2018), *aff'd sub nom. United States v. AT&T, Inc.*, 916 F.3d 1029 (D.C. Cir. 2019) (evaluating third-party evidence based on relative incentives).

## CONCLUSION

The Court is entrusted with broad discretion to thoroughly review DOJ's Proposed Final Judgment to ensure that it is in the public interest.  The evidence that AHF will present at the evidentiary hearing will assist the Court in making that determination.   CVS's Motion should be denied.

Dated:  May 10, 2019                           Respectfully Submitted,


/s/ Joseph J. Aronica
Joseph J. Aronica (DC Bar No.:  446139)
DUANE MORRIS LLP
505 9th Street, N.W.
Suite 1000
Washington, DC 20004
Telephone: 202-776-7824
Fax:  202-478-1885
Email:  JJAronica@duanemorris.com

Christopher H. Casey (*Pro Hac Vice*)
(DC Bar No.: 418574)
Sean P. McConnell (*Pro  Hac Vice*)
Jonathan L. Swichar (*Pro Hac Vice*)
Bradley A. Wasser (*Pro Hac Vice*)
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: 215-979-1000
Fax: 215-979-1020
Email: CHCasey@duanemorris.com
      SPMcConnell@duanemorris.com
      JLSwichar@duanemorris.com
      BAWasser@duanemorris.com


Attorneys for *Amicus Curiae AIDS Healthcare Foundation*

DM1\9592983.3