**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 18-2340 (RJL)** |
| | ) | |
| **CVS HEALTH CORPORATION**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**FILED**

**MAY 1 3 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

<u>MEMORANDUM ORDER</u>

May 13, 2019

   On October 10, 2018, the United States of America ("the Government") and the States of California, Florida, Hawaii, Mississippi, and Washington brought this civil antitrust suit to challenge the merger of CVS Health Corporation ("CVS") and Aetna Inc. ("Aetna"). Four months later, having negotiated a mutually agreeable divestiture of a part of Aetna's business, the Government filed a Motion for Entry of Final Judgment [Dkt. # 57] on February 25, 2019, seeking to settle this suit through a consent judgment. When settling a civil antitrust suit through a consent judgment, however, the Government must not only comply with the requirements of the Tunney Act, 15 U.S.C. § 16(b)–(h), but also be able to demonstrate to a Federal Judge that entry of the proposed final judgment is in the public interest, *see id.* § 16(e).

   At the April 5, 2019 status hearing in this case, I indicated to the parties

that it would probably be helpful to me in evaluating whether this proposed final judgment is in the public interest for the *amici curiae* participating in this matter to present one or more witnesses at a future hearing regarding the proposed final judgment. As such, I ordered the parties and *amici*, on April 8, 2019, to submit a list of *potential* witnesses, with a description of their potential testimony, for my consideration. *See* Order (Apr. 8, 2019) [Dkt. # 70]. The Order made it very clear, however, that the Court, alone, would decide which, if any, of the potential witnesses would be called at a future hearing. *See id*. at 2. Having reviewed the submissions by the American Medical Association [Dkt. # 74], Consumer Action and U.S. PIRG [Dkt. # 75], the AIDS Healthcare Foundation [Dkt. # 76], the Government [Dkt. # 84], and CVS [Dkt. # 85], and based on my review of the record to date, the Court has decided that it would be most helpful for the following witnesses to be called at a hearing related to the Government's Motion for Entry of Final Judgment.

For the *amici*:
- Dr. Neeraj Sood, who may testify for up to two hours.
- Dr. Diana L. Moss, who may testify for up to one hour.
- Dr. Michael B. Wohlfeiler, who may testify for up to one hour.

For the Government and CVS:
- Dr. Alan Lotvin, who may testify for up to one hour.
- Terri Swanson, who may testify for up to one hour.
- Dr. Lawrence Wu, who may testify for up to two hours.

Finally, with respect to the procedures the Court will follow during the hearing, it is worth stressing, at the outset, that this hearing is *not* a trial. The Court is simply exercising powers that are expressly granted in the Tunney Act, *see* 15 U.S.C. § 16(f), to ensure that its public interest determination will be well and accurately informed. The Government will not be required to offer evidentiary proof of the allegations in its complaint or, for that matter, any evidence at all. Witnesses will not be subject to cross-examination. Only the attorney conducting the examination and the Court may ask the witnesses questions. There will be no opening or closing arguments, though the Court will undoubtedly hear attorney arguments at a later date. In short, this hearing is merely an opportunity for the parties and the *amici* to provide the Court with whatever additional information and analysis they believe will aid the Court in determining whether the Government's proposed final judgment is in the public interest.[1]

Indeed, in that regard, the Court would note that it cannot evaluate the public interest, in this case, without evaluating the Government's divestiture remedy. And, to say the least, an understanding of how participants in markets for individual prescription drug plans ("PDPs") are affected by markets for pharmacy benefit management ("PBM") services would appear to be essential to that evaluation. *See, e.g.*, Pl.'s Resp. to Pub. Comments on Prop. Final J. at 26-27

---

[1] Because the hearing is simply an opportunity to provide the Court with additional information, and because the witnesses will not be subject to cross-examination, the parties are not required to exchange expert reports in advance of the hearing.

[Dkt. # 56] (the Government implicitly acknowledging an interrelationship between participants in PDP and PBM markets when disputing an "argu[ment] that the divestiture will fail because WellCare will be foreclosed from pharmacy and PBM services"). The fact that the possible impact on the PBM services market is not mentioned in the four corners of the complaint is, of course, not dispositive of its relevance to the Court's analysis. Our Circuit Court has recognized that Tunney Act review is not, in all cases, strictly cabined by the text of the complaint or proposed judgment: Courts are "not obliged to accept [a consent decree] that, on its face and even after government explanation, appears to make a mockery of judicial power," and "if third parties contend that they would be positively injured by the decree, a district judge might well hesitate before assuming that the decree is appropriate." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1462 (D.C. Cir. 1995). Indeed, even if analysis of PBM markets was not so intertwined with evaluating the Government's proposed remedy, the Court could still hear from these witnesses before deciding whether the Government's proposed final judgment makes a mockery of judicial power or affirmatively harms third parties. *See* 15 U.S.C. § 16(f).

In the final analysis, the Tunney Act mandates that courts consider "the impact of entry of [a proposed] judgment . . . *upon the public generally* and individuals alleging specific injury from the violations set forth in the complaint." 15 U.S.C. § 16(e)(1)(B) (emphasis added). *Amici* have persuasively argued, in effect, that an assessment of the proposed judgment on the public interest must

take into account, among other things, the ways the divestiture remedy may be affected by PBM markets. The Court will, therefore, hear testimony that concerns, in part, the impact of the merger on PBM markets.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that CVS's Motion to Exclude [Dkt. # 81] and the Government's Motion to Limit the Scope of the Tunney Act Hearing and Exclude Irrelevant and Undisclosed Testimony [Dkt. # 82] are **DENIED**.

It is further **ORDERED** that the Government's Motion to Treat Filings as Part of the Evidentiary Record in the Tunney Act Hearing [Dkt. # 73] is **GRANTED**. The Tunney Act provides that a district court may consider and rely on information filed with the court when making its public interest determination. *See, e.g.*, 15 U.S.C. § 16(f)(4). The Court will consider the complaint, proposed final judgment, competitive impact statement, explanation of consent decree procedures, and response to public comments filed in this matter as part of the record on which it determines whether the Government's proposed final judgment is in the public interest.

It is further **ORDERED** that the Government's Motion to Clarify Procedures for the Tunney Act Hearing [Dkt. # 86] is **DENIED** as moot. This Memorandum Order clarifies the scope of, and procedures for, the upcoming hearing.

It is further **ORDERED** that three days will be set aside for the hearing, during which the Court will hear from the witnesses named in this Memorandum Order. *See supra* p. 2. The hearing shall commence at 10:30 am on June 4, 2019, in Courtroom 18. The hearing shall finish each day no later than 5:30 pm and conclude no later than 5:30 pm on June 6, 2019.

   **SO ORDERED**.

RICHARD J. LEON
United States District Judge