UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.* )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>**CVS HEALTH CORPORATION** )<br>)<br>**and** )<br>)<br>**AETNA INC.** )<br>)<br>*Defendants.* )<br>) | Case No. 1:18-cv-02340-RJL |

**AMICUS CURIAE AMERICAN MEDICAL ASSOCIATION'S
OPPOSITION TO THE UNITED STATES' MOTION TO CLARIFY AND
AMEND THE COURT'S PLANNED TUNNEY ACT PROCEDURE**

After the close of business on the Friday before a holiday weekend, without any warning to the American Medical Association, the DOJ moved to completely change the nature of a hearing that is just four business days away. [Dkt. #102.] The AMA has not prepared for an adversarial hearing. The Court's original procedure for the hearing is indisputably permitted under the Tunney Act, and it should not be changed at this late date.

### ARGUMENT

**I.      It Would Be Premature to Find That "the Tunney Act Materials provide a factual basis for concluding that the proposed consent judgment is a reasonably adequate remedy for the harm alleged in the complaint."**

The Court has already granted the DOJ's motion to treat several filings as part of the evidentiary record. [Dkt. #90 at 5.] The AMA did not oppose that motion and has no objection to the Court's consideration of these materials. But now the DOJ wants the Court to go a step further and assign that evidence certain weight before hearing from the amici's witnesses.

Whether the DOJ's evidence provides a "factual basis for concluding that the proposed consent judgment is a reasonably adequate remedy for the harm alleged in the complaint" cannot be determined in a vacuum. For example, "an understanding of how participants in markets for individual prescription drug plans ('PDPs') are affected by markets for pharmacy benefit management ('PBM') services would appear to be essential" to an evaluation of the public interest. [*Id.* at 3.] The DOJ has argued that there should be no concern that CVS could harm competition in the PDP market by raising WellCare's cost to use CVS's PBM and retail pharmacies. [Dkt. #56 at 26–27.] The AMA has explained at length why this argument is far too simplistic, [Dkt. #62 at 16–19], and it will present testimony in support of its position. Then, and only then, will the Court be in a position to decide whether the DOJ has met its burden.

## II.     The Tunney Act Does Not Require Cross-Examination.

The DOJ does not claim that the Court is required to permit cross-examination at the upcoming hearing. After all, the Court may "request and obtain the views, evaluations, or advice of any individual, group or agency of government with respect to any aspects of the proposed judgment or the effect of such judgment, *in such manner as the court deems appropriate*." 15 U.S.C. § 16(f)(2) (emphasis added). Perhaps if the DOJ had expressed its desire for cross-examination shortly after this Court entered its May 13 order,[1] it could have worked with the AMA on a stipulation about cross-examination and prepared for the hearing accordingly. But at this late date, the prejudice to the AMA from losing most of its time to prepare for cross-examination outweighs the DOJ's belatedly expressed desire to have it.

---

[1] The DOJ did not consult with the AMA before filing its motion, in violation of Rule 7(m). The motion should be denied for that reason alone. *Mack v. Aspen of D.C., Inc.*, No. 15-cv-1973, 2018 WL 564558, at *7 n.10 (Leon, J.) (failure to comply with Rule 7(m) "warrants denial of [the] motion").

Moreover, until this Court indicated that it would seriously evaluate the arguments on both sides, the DOJ was content to have the Court consider the AMA's arguments without cross-examination or rebuttal witnesses. [Dkt. # 58] (United States does not oppose the filing of an amicus brief, but opposes the AMA's participation at a hearing); 4/5/19 Tr. at 13:19–23 ("The total record here is adequate for Your Honor to make a ruling on the papers that the proposed final judgment is in the public interest; however, if Your Honor desires a hearing on this, the United States believes that oral argument is sufficient to address your concerns."). Now that it has become clear that there will be no rubber stamp in this case, the DOJ believes that only a mini-trial will do. This position contradicts not only the DOJ's earlier position, but also its argument that in a Tunney Act proceeding, "the proposed judgment [should not be] subjected to full-blown litigation in the ordinary course." [Dkt. # 102 at 6.]

### III. Placing Prior Restraints on the Amici's Testimony Is Inconsistent with the Tunney Act and Will Complicate the Hearing.

The DOJ has asked the Court to "limit the scope of the amici witnesses' testimony to the objections that amici clearly and specifically raised, and the evidence and arguments provided to the United States, during the comment process." [Dkt. #102 at 12.] Under the Tunney Act, however, the Court may:

> (1) take testimony of Government officials or experts or such other expert witnesses, upon motion of any party or participant or upon its own motion, as the court may deem appropriate;
>
> (2) appoint a special master and such outside consultants or expert witnesses as the court may deem appropriate; and request and obtain the views, evaluations, or advice of any individual, group or agency of government with respect to any aspects of the proposed judgment or the effect of such judgment, in such manner as the court deems appropriate;
>
> (3) authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, examination of

> witnesses or documentary materials, or participation in any other manner and extent which serves the public interest as the court may deem appropriate;
>
> (4) review any comments including any objections filed with the United States under subsection (d) concerning the proposed judgment and the responses of the United States to such comments and objections; and
>
> (5) take such other action in the public interest as the court may deem appropriate.

15 U.S.C. § 16(f). Reviewing the public comments and the DOJ's response is just one of five means by which the Court may evaluate the public interest. The Court has explicit authority to go beyond the public comments and request the views of anyone, about any aspect of the proposed judgment or its effect, in any way the Court sees fit. There is no ground for limiting the authority Congress has specifically given this Court.

The AMA must be allowed to explain and expand on the arguments it has already made. Otherwise, the hearing may as well consist of the AMA's witness reading aloud the AMA's public comments from the Federal Register. And trying to police the line between explaining and expanding on one hand, and creating brand-new arguments on the other, will be a poor use of time at the hearing. If any testimony is so out of bounds that it would be unfair even to consider it (which the AMA doubts will happen), then the DOJ is free to make that argument at a later date. [*See* Dkt. #90 at 3 ("[T]he Court will undoubtedly hear attorney arguments at a later date.").] Until then, the Court should allow the AMA to make the best presentation it can, without constant objections about its scope.

## CONCLUSION

The DOJ's motion should be denied because the DOJ failed to contact opposing counsel, it would be premature to credit the DOJ's evidence, cross-examination is not required (especially given the DOJ's unexcused failure to notify the amici about its motion), and disputes about the scope of the AMA's testimony can be resolved later.

Dated:  May 29, 2019                                  Respectfully submitted,

*/s/ Henry C. Quillen*
Henry C. Quillen (Bar ID 986686)
WHATLEY KALLAS LLP
159 Middle St., Suite 2C
Portsmouth, NH 03801
Telephone: (603) 294-1591
Fax: (800) 922-4851
hquillen@whatleykallas.com

Henry S. Allen, Jr. (admitted *pro hac vice*)
Senior Attorney, Advocacy Resource Center
AMERICAN MEDICAL ASSOCIATION
330 N. Wabash
Chicago, IL 60611
Telephone: (312) 464-4271
Fax: (312) 224-6919
henry.allen@ama-assn.org

*Counsel for the American Medical Association*